UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MASHANTUCKET PEQUOT TRIBE    :
                             :
v.                           :   CIV. NO. 06CV1212 (WWE)
                             :
TOWN OF LEDYARD, ET AL       :

RULING ON DISCOVERY MOTIONS

In this consolidated action, the Mashantucket Pequot Tribe (the "Tribe") seeks declaratory and injunctive relief regarding a personal property tax imposed by the Town of Ledyard on gaming machines leased by the Tribe from non-parties AC Coin and WMS Gaming, Inc. ("WMS") (collectively "the Vendors").[1]

Pending is AC Coin and WMS Gaming's Motion for Protective Order **[Doc. #159]**. The Vendors move this Court for a protective order from "unreasonably burdensome" electronic discovery requested by defendant and intervenor-defendant. The Vendors move for entry of a protective order allowing the Vendors to complete the electronic discovery process by selecting, based on a good faith investigation with the assistance, guidance, and supervision of counsel, the employees whose electronic documents

---

[1] Mashantucket Pequot Indians v. Town of Ledyard, cases 06CV1212 (WWE) and 08CV1355 (WWE) were consolidated by agreement respectively on December 9, 2008 [Doc. #127] and December 8, 2008. [Doc. #19]. Case No. 06CV1212 (WWE), involved property taxes assessed against vendor A.C. Coin and Case No. 08CV1355(WWE), involved property taxes assessed vendor WMS Gaming, Inc. In all other respects the claims are the same.

1

will be collected and reviewed in response to subpoena requests 1, 4, and 7.

> Request No. 1: All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and the Mashantucket Pequot Tribe, or any entity thereof, or any person known or believed by you to have been acting under the authority of the Mashantucket Pequot Tribe, or any entity thereof, concerning the allegations contained in the document attached hereto as Exhibit 1 (Complaint filed by Mashantucket Pequot Tribe in the Federal District Court for the District of Connecticut).
>
> Request No. 4: All documents reflecting or relating to any communications between you and the Mashantucket Pequot Tribe, or any entity thereof, concerning the payment of the State of Connecticut's personal property tax, as assessed and imposed by the Town of Ledyard, Connecticut, on any personal property owned by you.
>
> Request No. 7: All documents reflecting or relating to any communication between you and the Mashantucket Pequot Tribe, or any entity thereof, concerning the language quoted below included in the May 13, 2005 Master Lease Agreement, which states:
>
>> Casino represents that it is not subject to any state or local taxes for any services and sales or leases occurring at Casino's premises and agrees to provide a tax certificate certifying this to WMS upon request. Upon reliance on the aforementioned tax certificate, WMS agrees not to file with the local towns or any other applicable jurisdiction, including specifically the Town of Ledyard, a list of property or Equipment provide under the Agreement or to pay such tax with respect to such Equipment except in the vent that WMS is legally obligated to do so.

> In the event WMS becomes legally
> obligated to file and/or pay taxes,
> WMS agrees to immediately notify
> Casino of such obligation and to
> reasonably cooperate with Casino in
> contesting such tax filing and/or
> payment through appropriate legal
> process if so requested by Casino.
> Such notification shall be
> addressed to the Office of Legal
> Counsel, Foxwoods Resort Casino,
> Route 2, P.O. Box 3777,
> Mashantucket, Connecticut 06338.
> Casino shall indemnify and defend
> WMS from and against any penalty,
> liability, and expense (including
> reasonable attorney's fees) arising
> from Casino's failure to remit such
> taxes or from any delinquency with
> respect to such remittance.
>
> Documents should include, but are
> not limited to, communications
> concerning when such language was
> proposed, and by whom, versions
> negotiated by the parties, and any
> analyses of the language.

The parties reached a compromise solution in September 2009 but the agreement fell apart. Oral argument was held on May 20, 2010.[2] On August 9, 2010, counsel for AC Coin and WMS sent a letter to the Court stating that since oral argument, the vendors conducted a reasonable investigation to locate documents and electronic data responsive to the subpoenas, and stating that "[j]ust days before the hearing, defendants had proposed a compromise under which eleven additional Vendor employees would

---

[2] At oral argument, counsel stated that it had no responsive documents to Requests Nos. 3, 9, 10 and that defendants deemed those requests answered. [Doc. #182 at 4]. Defendants stated that they reduced the number of subpoena requests to three. Id. at 13.

be subject to electronic discovery."[3] [8/9/10 Let. at 1]. Counsel represents that they conducted an additional investigation of these eleven employees "about their involvement in, and knowledge or possession of documents relating to communications with the Tribe concerning: the indemnification provision in their leases with the Mashantucket Pequot Tribe; the Mashantucket Pequot Tribe's reimbursement of the Vendor's for property taxes paid; and the allegations in the Mashantucket Pequot Tribe's Complaint against the Town of Ledyard." Id. at 2. Based on the additional investigation, both AC Coin and WMS "confirmed that none of the employees at issue are likely to have documents, electronic or otherwise, responsive to Defendants' subpoena." Id. at 2.

Accordingly, AC Coin and WMS will provide defendants with written responses under oath to subpoena Requests Nos. 1, 4, and 7, as set forth in their August 9, 2010 letter.

---

[3]The employees in question included, from WMS: Ron DiNola (Vice President Gaming Operations), Dean Erlich (Vice President-Sales, John DeVaull (Director of Sales), Bob Reed (Account Executive), Kevin L. Verner (Vice President-Controller, including retained files of Robert R. Rogowski (previous Vice President-Finance & Controller)); and from AC Coin: Jason Seelig (Executive Vice President - Sales), Jerald Seelig (Executive Vice President and General Manager), Chris Strano (Vice President of Sales and Marketing), Jeff Seelig (Chief Financial Officer), and Judith Woolsen (Customer Support Supervisor).

CONCLUSION

AC Coin and WMS Gaming's Motion for Protective Order **[Doc. #159]** is **GRANTED** in accordance with this ruling. Unless otherwise stated, compliance with this ruling and order shall be made within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

The Court has completed an <u>in camera</u> review of the Vendors' privilege logs and copies of documents submitted to the Court on May 25, 2010. After careful consideration, the Court finds that the parties' assertion of the attorney/client privilege and/or work product privilege and/or common interest privilege was appropriate.

A telephone status conference will be held on Wednesday, September 8, 2010 at 2:00PM. The parties will provide to the Court a joint proposed schedule for concluding discovery and filing dispositive motions seven days prior to the conference. The proposed schedule should identify the names of people the parties seek to depose, including designation of 30(b)(6) witnesses and expert depositions, with proposed dates. Counsel for the plaintiff is requested to initiate this call. After all parties are on the line, please contact chambers at (203) 579-5640.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of

5

the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 16th day of August 2010.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE