UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MASHANTUCKET PEQUOT TRIBE :
:
v. : CIV. NO. 06CV1212 (WWE)
:
TOWN OF LEDYARD, ET AL :

RULING ON DISCOVERY MOTIONS

In this consolidated action, the Mashantucket Pequot Tribe (the "Tribe") seeks declaratory and injunctive relief regarding a personal property tax imposed by the Town of Ledyard on gaming machines leased by the Tribe from non-parties AC Coin and WMS Gaming, Inc. ("WMS") (collectively "the Vendors").[1]

Motion for Reconsideraton [Doc. #201]

Defendants object to the Court's ruling on vendors motion for protective order filed by Atlantic City Coin & Slot Service Company and WMS Gaming. Judge Eginton construed the defendants' objection as a motion for reconsideration and referred the motion to the undersigned. Oral argument was held on November 3, 2010.

At the conclusion of the hearing, the Court asked the parties to state their position on whether defendants raised new arguments in the objection regarding the Tribe's August 9, 2010,

---

[1] Mashantucket Pequot Indians v. Town of Ledyard, cases 06CV1212 (WWE) and 08CV1355 (WWE) were consolidated by agreement respectively on December 9, 2008 [Doc. #127] and December 8, 2008. [Doc. #19]. Case No. 06CV1212 (WWE), involved property taxes assessed against vendor A.C. Coin and Case No. 08CV1355(WWE), involved property taxes assessed vendor WMS Gaming, Inc. In all other respects the claims are the same.

letter to the Court.[2] Defendants confirmed by email dated November 4, 2010, that they "did not intend their objection to raise any issues that had not been previously considered by Magistrate Judge Fitzsimmons. As we indicated in our briefing, the issues relating to the August 9, 2010 letter are the same as those covered in the earlier briefing and argument before the Court." [Def. Nov. 4, 2010 e-mail]. The Tribe stated that, "Defendants raised new arguments [in the objection] regarding the Tribe's August 9, 2010, letter to the Court," but felt the Tribe "fully addressed those argument in its Memorandum in Response to Defendants' Objection [Doc. 193 at 5-7; n.4], and does not believe that the new arguments should change the outcome of the Court's August 16, 2010 order or justify reconsideration of that Order." [Pl. Nov. 4, 2010 e-mail].

Defendants' Motion for Reconsideration **[Doc. #201]** is **GRANTED**. Upon reconsideration, and for the reasons previously stated, the Court affirms its ruling dated August 12, 2010, granting the Vendor's Motion for Protective Order. [Doc. #185].

---

[2]Defendants stated in their motion for reconsideration that this "Magistrate Judge abused her discretion in excusing Vendors from searching files and producing documents <u>on the basis of </u>an August 9, 2010 letter sent to the Court by Vendors' counsel, . . . eight months after briefing and almost three months after argument. [Doc. #201 at 2 (emphasis added)]. In its reply, defendants stated "It is true that defendants did not submit a letter to the Court in response to Vendors' letter to the Court of August 9, 2010. They had intended to and had drafted the letter, but because of a clerical error in the office of counsel for the Town of Ledyard, they failed to submit the letter within the 24 hours in which the Court ordered that any response be made . . . . There are no new issues raised by Mr. Nichols' letter of August 9, nor any views of defendants that the Magistrate Judge did not have." [Doc. #194 at 5].

<u>Plaintiff's Motion for Protective Order [Doc. #190]</u>

Plaintiff's Motion for Protective Order **[doc. #190]** is **DENIED**. The Court declines to enter a protective order on a preemptive basis to prevent defendants from asking questions on a list of topics identified by plaintiff in the motion. The Court finds that Fed. R. Civ. P. 30(b)(2) provides for plaintiff's counsel to instruct a deponent not to answer "to enforce a limitation directed by the court." The parties will contact chambers to schedule the deposition to be held at the court house on a date when the Court will be available to rule, as appropriate, on objections raised during the deposition.

Defendants are not limited to deposing a 30(b)(6) witness noticed in May 2009, and may, instead, depose a 30(b)(1) witness.[3] Defendants are aware of the potential issues raised

---

[3]Defendants state they

> initially envisioned taking 30(b)(6) depositions, they never agreed to limit themselves to only such depositions. When plaintiff subsequently made clear that it intended to designate an attorney as its 30(b)(6) witness, defendants concluded that a 30(b)(1) deposition was more appropriate. As plaintiff's counsel acknowledged in response to a question form the Court during a recent argument, its designation of an attorney raises the potential for problems, and defendants are particularly concerned given the expansive view of privilege plaintiff's counsel has taken in its representation of the third- party Vendors in this case. In light of those concerns, defendants chose to take one of their four depositions as a 30(b)(1) deposition, as the Rules permit. That imposes no additional discovery burden on plaintiff and, indeed, the burden is substantially less.

when deposing a 30(b)(1) fact witness who may not have personal knowledge of the facts. Defendants will notice the deposition within fourteen (14) days after consulting the Court's schedule.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 20th day of December 2010.

                                          /s/
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE

---

[Def. Let. Oct. 29, 2010 at 1-2].